**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LYNETTE LEALWALCOTT, as the
Personal Representative of the Estate of
MARLON LEALWALCOTT, deceased,

    Plaintiff,

vs.
                              Case No. 3:21-cv-30-J-34JBT

MICHELIN NORTH AMERICA, INC.,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

    On January 11, 2021, Plaintiff Lynette Lealwalcott, as the Personal Representative of the Estate of Marlon Lealwalcott, deceased, filed a Complaint and Demand for Jury Trial

(Doc. 1) asserting that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00 . . . ." See Complaint ¶ 4.1. In support of this assertion, Plaintiff asserts that "Lynette Lealwalcott is a resident of the State of Florida," the surviving spouse of Marlon Lealwalcott, and the duly appointed Personal Representative of his Estate. Id. ¶ 1.1-1.2. However, upon review of the relevant authority, the Court determines that the Complaint does not adequately identify Plaintiff's citizenship for purposes of diversity jurisdiction.

Lynette Lealwalcott filed this lawsuit as the personal representative of the Estate of Marlon Lealwalcott. See Complaint at 1. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Because the Complaint fails to allege the citizenship of Marlon Lealwalcott at the time of his death, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.

In correcting this deficiency, Plaintiff is cautioned that it is Marlon Lealwalcott's citizenship, not merely his residency, that must be alleged to establish diversity jurisdiction. Indeed, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d

1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Thus, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has subject matter jurisdiction over the action. Accordingly, it is

**ORDERED**:

Plaintiff shall have up to and including **January 27, 2021**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of January, 2021.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

3